UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RAYFIELD THIBEAUX, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17CV281 HEA |
| TERRY M. STRADTMAN, | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The motion will be granted. Additionally, the Court will dismiss this action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Background**

Pro se plaintiff Rayfield Thibeaux filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff sues: Terry M. Stradtman, Regional Commissioner of the Social Security Administration, headquartered in Philadelphia, Pennsylvania.

Plaintiff seeks judicial review of an administrative decision by the Social Security Administration, relating to a denial of benefits.[1] It appears that in April of 2010, plaintiff filed concurrent claims with the SSA for disability insurance benefits and supplemental security benefits. Plaintiff's protective filing date was April 16, 2010. With regard to disability benefits,

---

[1] In his complaint, plaintiff references a District Court case he filed in 2012 with the District of Columbia, relating to the facts in the present action. *See Thibeaux v. Social Security Administration*, No. 12-01588(RWR/AK) (D.C. 2012). The Court has reviewed the filings in that action and has supplemented the facts herein as needed. This case is also similar to a prior action Mr. Thibeaux has filed in our Court. *See Thibeaux v. Stradtman*, No. 4:17-CV-221 NCC (E.D.Mo.).

plaintiff alleged an onset date of January 1, 2002, and with regard to SSI he alleged a September 20, 1982 disability onset date. Plaintiff's last insured date for disability benefits was June 30, 2002.

On September 16, 2010, plaintiff was diagnosed by a clinical psychologist with shizo-affective disorder-depressive type and alcohol abuse and cocaine abuse. Although plaintiff met the medical rules for a disability, he failed to meet the non-medical rules for payment because he had not been found disabled while he still maintained disability insurance. He was advised that he had a right to appeal the decision of the SSA, but he failed to do so. Plaintiff filed a new application for benefits in July of 2011, and he was granted an award of SSI benefits at that time. Plaintiff began receiving benefits in August of 2011.

On September 25, 2012, plaintiff filed an action in the Federal District Court for the District of Columbia, asserting that he should have been granted disability insurance benefits and he was entitled to SSA benefits from his alleged onset date of September 1982. *See Thibeaux v. Social Security Administration*, No. 12-01588(RWR/AK) (D.C. 2012). The Social Security Administration moved to dismiss due to plaintiff's failure to exhaust his administrative remedies, and the Court converted respondent's motion to one for summary judgment. The Court found in favor of respondent, the Social Security Administration, requiring plaintiff to exhaust his administrative remedies, or to have filed an appeal relating to the disability benefits that he was seeking. Because plaintiff had failed to file an appeal when one was available to him, but instead had filed a new application for benefits in 2011, the Court found that plaintiff had failed to exhaust his right to argue in the District Court that he was entitled to the early SSA and disability benefits.

Unrelated to his claims in the action, plaintiff moved for a judgment on the pleadings against respondent, the Social Security Administration, asserting that a device was implanted into his person, specifically his buttock. He asserted that the Court should report that "The National Commission for the Protection of Human Subjects of Bio-Medical and Behavioral Research – the Belmont Report has been violated." The Court found no legal basis for entertaining plaintiff's claims and denied his motion for judgment on the pleadings.

**Discussion**

Plaintiff's allegations in this matter mirror his allegations brought in his prior case in the Federal District Court for the District of Columbia. *See Thibeaux v. Social Security Administration*, No. 12-01588(RWR/AK) (D.C. 2012). In this case, he also seeks to overturn the Social Security Administration's determination as to his SSI and disability benefits. Additionally, plaintiff seeks a rehearing of the District of Columbia's finding that he could not "appeal" the adverse determination of the Social Security Determination due to his own failure to exhaust his administrative remedies.

This Court is not a Court of Appeal for the Federal District Court for the District of Columbia, nor is this Court a "Social Security Administration Court," as plaintiff mistakenly calls it. Plaintiff's allegations have already been decided by the District Court for the District of Columbia. This action must be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint is subject to dismissal because it is legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's remaining motions are **DENIED AS MOOT**.

Dated this 13th day of February, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE